E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOHN C. KOREVEC (Cal. Bar No. 310157)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-7423
     Facsimile: (213) 894-7819
     E-mail:  john.korevec@usdoj.gov

Attorneys for Defendant Clemmer

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAFIRO GONZALEZ,<br><br>    Plaintiff,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, BUREAU OF PRISONS, et al.,<br><br>    Defendants. | No. 2:24-cv-01944-MRA-SK<br><br>No hearing date is set because Plaintiff is in custody.<br><br>Honorable Steve Kim<br>United States Magistrate Judge |

1.     DEFENDANT CLEMMER'S NOTICE OF MOTION AND MOTION TO DISMISS;

2.     MEMORANDUM OF POINTS AND AUTHORITIES.

# **TABLE OF CONTENTS**

DESCRIPTION                                                                                         PAGE

TABLE OF AUTHORITIES ................................................................................ii

NOTICE OF MOTION AND MOTION TO DISMISS ....................................................vi

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.     INTRODUCTION ................................................................................. 1

II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ...................... 1

III.   ARGUMENT ....................................................................................... 5

    A.    Plaintiff's Claims Against Defendant Clemmer Must Be Dismissed Because His Claims Present An Improper Extension of *Bivens*................. 6

        1.    The Supreme Court Cautions Against Extending a *Bivens* Remedy. ...................................................................... 6

        2.    The Supreme Court's Two-Step Inquiry. ........................... 7

        3.    Plaintiff Seeks to Extend *Bivens* to a New Context............ 8

        4.    Special Factors Counsel Against Implying a *Bivens* Remedy............ 9

    B.    Plaintiff Fails To State A Constitutional Claim Against Defendant Clemmer. .................................................................... 12

    C.    Even If *Bivens* Could Provide A Basis For A Suit Like Plaintiff's To Proceed, and Even Had Plaintiff Pled Facts That Could Constitute Potential Constitutional Violations, Dismissal Is Still Warranted Here For Plaintiff's Failure To Comply With Federal Pleading Requirements. ................................................................ 13

    D.    Defendant Clemmer Is Separately Entitled To Qualified Immunity. ......... 14

IV.    CONCLUSION ................................................................................... 15

i

# TABLE OF AUTHORITIES

<u>DESCRIPTION</u>                                                                                    <u>PAGE</u>

**Cases**

*Ahmed v. Weyker*,
  984 F.3d 564 (8th Cir. 2020) ..........................................................................7

*Albert v. Gonzalez*,
  2023 WL 8895708 (C.D. Cal. Oct. 6, 2023).................................................12

*Arar v. Ashcroft*,
  585 F.3d 559 (2d Cir. 2009) .............................................................................8

*Ashcroft v. al-Kidd*,
  563 U.S. 731 (2011)........................................................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................14

*Balistreri v. Pacific Law Dep't*,
  901 F.2d 696 (9th Cir. 1990) ...........................................................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................5

*Bell v. Cnty. of Los Angeles*,
  2008 WL 4375768 (C.D. Cal. Aug. 25, 2008) ..............................................10

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
  403 U.S. 388 (1971).....................................................................................1, 6

*Brazil v. U.S. Dep't of Navy*,
  66 F.3d 193 (9th Cir. 1995) ...........................................................................13

*Brown v. Gilliam*,
  2022 WL 19775026 (C.D. Cal. Dec. 6, 2022) ..............................................10

*Canada v. United States*,
  950 F.3d 299 (5th Cir. 2020) ...........................................................................8

*Carlson v. Green*,
   446 U.S. 14 (1980) ................................................................................ 6

*Chambers v. Herrera*,
   78 F.4th 1100 (9th Cir. 2023) ................................................... 8, 11, 12

*Corr. Servs. Corp. v. Malesko*,
   534 U.S. 61 (2001) ........................................................................... 6, 9

*Davis v. Passman*,
   442 U.S. 228 (1979) ............................................................................. 6

*Egbert v Boule*,
   596 U.S. 482 (2022) .................................................................... passim

*Emmons v. City of Escondido*,
   921 F.3d 1172 (9th Cir. 2019) ........................................................... 14

*Epstein v. Wash. Energy Co.*,
   83 F.3d 1136 (9th Cir. 1996) ............................................................. 13

*Farah v. Weyker*,
   926 F.3d 492 (8th Cir. 2019) ............................................................... 8

*Harper v. Nedd*,
   2023 WL 4169610 (9th Cir. June 26, 2023) ........................................ 8

*Hernández v. Mesa*,
   589 U.S. 93 (2020) .................................................................. 6, 7, 8, 9

*Hoffman v. Preston*,
   2022 WL 6685254 (9th Cir. Oct. 11, 2022) ................................... 9, 11

*Ivey v. Bd. of Regents*,
   673 F.2d 266 (9th Cir. 1982) ............................................................. 12

*Kalu v. Spaulding*,
   113 F.4th 311 (3d Cir. 2024) ............................................................. 11

*Kisela v. Hughes*,
   584 U.S. 100 (2018) ........................................................................... 14

iii

*Loe v. United States*,
   2021 WL 6618803 (C.D. Cal. Dec. 7, 2021) ...................................................................8

*Mejia v. Miller*,
   61 F.4th 663 (9th Cir. 2023) ...................................................................10, 11

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985)...................................................................13, 14

*Monroe v. Kirby*,
   2022 WL 16959393 (C.D. Cal. Oct. 11, 2022)...................................................................7

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) ...................................................................5

*Mullenix v. Luna*,
   577 U.S. 7 (2015)...................................................................13

*Pearson v. Callahan*,
   555 U.S. 223 (2009)...................................................................13, 14, 15

*Pellegrino v. United States*,
   73 F.3d 934 (9th Cir. 1996) ...................................................................12

*Pettibone v. Russell*,
   59 F.4th 449 (9th Cir. 2023) ...................................................................10

*Preiser v. Rodriguez*,
   411 U.S. 475 (1973)...................................................................11

*Rizzo v. Goode*,
   423 U.S. 362 (1976)...................................................................12

*Robinson v. York*,
   566 F.3d 817 (9th Cir. 2009) ...................................................................14

*Sch. Of Bus., Inc. v. Symington*,
   51 F.3d 1480 (9th Cir. 1995) ...................................................................5

*Schwarz v. Meinberg*,
   761 Fed. Appx. 732 (9th Cir. 2019)...................................................................12

*Sharp v. County of Orange*,
871 F.3d 901 (9th Cir. 2017) ........................................................................... 14

*Silva v. United States*,
45 F.4th 1134 (2022) ........................................................................................... 9

*Vega v. United States*,
881 F.3d 1146 (9th Cir. 2018) ......................................................................... 12

*White v. Pauly*,
580 U.S. 73 (2017) ............................................................................................. 14

*Wilkinson v. Austin*,
545 U.S. 209 (2005) ........................................................................................... 12

*Ziglar v. Abbasi*,
582 U.S. 120 (2017) .................................................................................... passim

**Statutes**

18 U.S.C. § 4042(a)(1) ................................................................................... 9, 10

**Rules**

Fed. R. Civ. P. 8(a) ............................................................................................. 13

Fed. R. Civ. P. 12(b)(6) .................................................................................. 5, 13

Federal Rule of Civil Procedure 8 ...................................................................... 1

**Regulations**

28 C.F.R. § 45.11 ................................................................................................ 10

1

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

2

PLEASE TAKE NOTICE that Defendant Anne Clemmer will, and hereby does,

3 move this Court for an order dismissing the claims against her in Plaintiff's First Amended

4 Complaint. Defendant brings the motion on the grounds detailed in the accompanying

5 Memorandum of Points and Authorities. This motion is made upon this Notice, the

6 attached Memorandum of Points and Authorities, and all pleadings, records, and other

7 documents on file with the Court in this action, and upon such oral argument as may be

8 presented at any ordered hearing of this motion.

9

This motion is exempt from the requirements of Local Rule 7-3 pursuant to

10 Local Rule 16-12(c) because Plaintiff is pro se, is in custody, and is not an attorney. As

11 Plaintiff is in custody, no hearing date has been requested.

12

13    Dated: December 19, 2024          Respectfully submitted,

14                                      E. MARTIN ESTRADA
                                        United States Attorney
15                                      DAVID M. HARRIS
                                        Assistant United States Attorney
16                                      Chief, Civil Division
                                        JOANNE S. OSINOFF
17                                      Assistant United States Attorney
                                        Chief, Complex and Defensive Litigation Section

18

19

20         /s/ *John C. Korevec*
                                        JOHN C. KOREVEC
21                                      Assistant United States Attorney

22                                      Attorneys for Defendant Clemmer

23

24

25

26

27

28

vi

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

Pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff alleges that Defendant Anne Clemmer violated his Constitutional rights by failing to properly respond to a sexual assault and use of force incident allegedly conducted by a corrections officer, as he claims was required by the Prison Rape Elimination Act ("PREA"). Plaintiff claims that Defendant Clemmer's failure to train and supervise Officer Ochoa and other employees, as well as her purported failure to follow PREA protocols and guidelines caused him harm.

As detailed below, Plaintiff's *Bivens* claims against Defendant Clemmer must be dismissed for several reasons. First, Plaintiff's claims are not actionable because they extend *Bivens* to a "new context," and there are "rational reasons" to believe Congress is better suited to authorize a new damages remedy. *See Egbert v Boule*, 596 U.S. 482, 495-96 (2022). And where the Ninth Circuit and the Supreme Court have addressed similar issues since the Supreme Court's seminal ruling, *Egbert*, they have found that individual damages remedies do not exist. Second, even if this Court were to extend *Bivens* here, Plaintiff failed to state a claim for the violation of any of the Constitutional provisions he cites. Third, Plaintiff failed to meet the basic pleading requirements of Federal Rule of Civil Procedure 8—designed to allow defendants like Clemmer to be fully apprised of the allegations against them. Fourth, even if this Court created a new *Bivens* remedy and found Plaintiff's factual allegations sufficient under Rules 12(b)(6) and 8, Defendant Clemmer is still entitled to qualified immunity.

Defendant Clemmer respectfully requests that this Court dismiss Plaintiff's *Bivens* claims against her, with prejudice.

## II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND[1]

Plaintiff alleges that on March 7, 2022, he was sexually harassed and assaulted by

---

[1] The facts as alleged in the First Amended Complaint are presumed true for the purposes of this motion to dismiss only.

an "Officer Ochoa" during the course of a strip search. First Amended Complaint (ECF No. 22 ("FAC")) at 7-8.[2] Although he claims to have been subject to two prior searches that made him feel uncomfortable, his FAC alleges harm only relating to the third, and final search. *Id.* at 7.

As for this third body search, when exiting the dining room at the federal corrections facility at Lompoc, California, Officer Ochoa asked Plaintiff to submit to a pat search. *Id.* at 7-8. After Plaintiff turned around for Officer Ochoa to begin the search, Officer Ochoa kicked plaintiff's left foot to widen Plaintiff's stance. *Id.* at 8. Later during the search, Officer Ochoa grabbed Plaintiff's collar and forced Plaintiff through a corridor. *Id.* Officer Ochoa then directed Plaintiff to strip in front of a group of other officers and to perform squats. *Id.*

After the search, a "Lt. Galindo" who witnessed the incident, asked Plaintiff if he was alright. *Id.* Plaintiff informed Lt. Galindo that he was not alright. *Id.* Later that same day, Plaintiff spoke with a "Lt. (SIS) Rojo", as well as another lieutenant whose name Plaintiff does not know, and a "Unit Team Counselor Garcia"—all to complain about the incident with Officer Ochoa and to begin the formal grievance process. *Id.* Plaintiff also claimed that he told Defendant Clemmer about the incident involving Officer Ochoa, but that Defendant Clemmer (along with others) "violated BOP and PREA protocol by refusing to take corrective action." *Id.* at 4.

Over the coming weeks and months, Plaintiff continued to discuss the incident with Counselor Garcia, and an "S.I.S. investigator Lt. Candellaro." *Id.* at 9. Plaintiff alleges that Counselor Garcia was largely unhelpful, lost Plaintiff's first grievance form, held and intercepted Plaintiff's mail, and failed to assist Plaintiff when he was separately attempting to apply credits from a prior period of incarceration in a state detention facility to his federal sentence. *Id.* at 10-11.

---

[2] Plaintiff's FAC does not have paragraph numbering in most of the document. Thus, citations to the FAC are done by the page number as stamped by the ECF filing system at the top of each page.

Around the same time, Plaintiff alleges that an Assistant Warden "Mrs. McDowell" retaliated against him for filing a tort claim. *Id.* at 11. Specifically, Plaintiff claims Ms. McDowell improperly denied his request for a program statement to be applied so he could get custodial credit for time spent in state custody. *Id.* Plaintiff's FAC also notes that he was then transferred to another federal detention facility in Victorville, California. *Id.* Separately, Plaintiff claims that Mrs. McDowell (who he asserts served as a PREA coordinator), along with other unnamed staff at the federal detention facility at Lompoc, California, aided and abetted Ochoa. *Id.* at 16.

Once at Victorville, Plaintiff filed various other complaints for officer misconduct—conduct that he believes evidence retaliation against him for having previously filed complaints. *Id.* at 11. Similarly, Plaintiff suggests that a "Warden J Doerer" did not grant one of Plaintiff's administrative remedy requests in retaliation for having filed so many complaints at both the Lompoc and Victorville detention facilities. *Id.* Plaintiff also believes prison officials were generally trying to prevent him from seeking redress from the Court. *Id.* at 12.

In addition to the allegations related to the strip search with Officer Ochoa, Plaintiff's FAC also airs general grievances about his time in detention—including as it relates to BOP policies concerning the eligibility for non-citizen detainees for certain alternative sentencing options (like a halfway house or home confinement), about conditions at federal detention facilities ("food with no seasoning, no napkins, and sometimes no water"), and about his personal experiences at these facilities. *Id.* at 14-19. He also describes incidents where officers would wake up inmates in the middle of the night. *Id.* at 16-17. Separately, in his FAC, Plaintiff described an incident where a "Mrs. Landaerta" yelled at him, waived her finger at him, and was generally rude to him when he tried to help a fellow inmate with getting a property form that the other inmate needed. *Id.* at 16-19. Plaintiff claims that an "SIS Officer Deleon" asked him to drop his complaint against Mrs. Landaerta. *Id.* at 16-19.

On March 6, 2024, Plaintiff filed his original complaint in this Court. ECF No. 1.

3

1   On May 5, 2024, this Court screened Plaintiff's original complaint, allowing the Plaintiff
2   to choose whether to have the case proceed against only Correctional Officers FNU Ochoa
3   and Clemmer in their individual capacities under *Bivens*, or to file an FAC. ECF No. 8.
4   On August 1, 2024, Plaintiff chose to file an FAC.

5           Plaintiff's FAC alleged the various grievances summarized above, along with eight
6   specific causes of action. *See generally* FAC. In Claim One, Plaintiff alleges that his civil
7   rights were violated under the State of California and under Section 1983 as well as under
8   the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.
9   Specifically, he claims that he was harmed by Officer Ochoa's actions, and that when he
10  alerted Defendant Clemmer and others about the incident, they failed to take appropriate
11  corrective action. *Id.* at 20.

12          Plaintiff's Claim Two is largely similar to Claim One. However, rather than citing
13  specific constitutional provisions, Claim Two generally states that "Officer Ochoa,
14  Defendants listed herein, and others unknown to Plaintiff violated Plaintiff's rights to be
15  free from retaliation, Retaliation by FBOP Staff, Wanton, Deliberate indifference, Due
16  Process violations (Deliberate), failing to train and supervise[.]" *Id.* at 21.

17          Plaintiff's Claims 3-8 are not asserted against Defendant Clemmer. Instead, Plaintiff
18  brings these claims against other defendants under the First, Fifth, and Eighth
19  Amendments to the United States Constitution for the purported failure to faithfully
20  execute their obligations in their given roles, violation of PREA protocols, retaliation,
21  making it difficult for Plaintiff to engage in the administrative grievance process,
22  obstructing the ability of Plaintiff to be awarded custodial credit for time spent in other
23  institutions, failing to protect Plaintiff from sexual abuse, and so on. *Id.* 22-27.[3]

24          The FAC seeks millions of dollars in damages from various defendants. *Id.* at 28-
25  30. As for Defendant Clemmer, Plaintiff demands $1 million for failing to train, supervise

26

27  ───────────────
        [3] Claim 3 was asserted against Counselor Garcia. Claim 4 was asserted against
28  Mrs. McDowell. Claim 5 was asserted against J. Doerer. Claim 6 was asserted against
    Lt. Galindo. Claim 7 was asserted against SIS Rojo. And Claim 8 was asserted against
    Lt. Candellaro.

and take corrective action, as well as for failing to properly execute PREA protocols and procedures once notified by Plaintiff of Officer Ochoa's conduct.

On November 21, 2024, this Court screened Plaintiff's FAC, and allowed the case to proceed against six additional defendants, in their individual capacities, under *Bivens* (in addition to Officers Ochoa and Clemmer):

      1. Warden J. Doerer, FCI Victorville II

      2. Assistant Warden Mrs. McDowell, USP Lompoc

      3. Unit Team Counselor J. Garcia, USP Lompoc

      4. Lt. (SIS) Rojo, USP Lompoc

      5. Lt. Galindo, USP Lompoc

      6. SIS Investigator Lt. Candellaro, USP Lompoc

## III.   ARGUMENT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). While a court considering a motion to dismiss for failure to state a claim "take[s] all allegations of material fact as true and construe[s] them in light most favorable to the nonmoving party," *Parks. Sch. Of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995), a court properly grants a 12(b)(6) motion to dismiss where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacific Law Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended), *overruled on other grounds by Twombly*, 550 U.S. at 562-63. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. 662).

**A.    Plaintiff's Claims Against Defendant Clemmer Must Be Dismissed Because His Claims Present An Improper Extension of *Bivens*.**

1.    <u>The Supreme Court Cautions Against Extending a *Bivens* Remedy</u>.

In only three, very specific contexts, has the Supreme Court ever permitted a *Bivens* claim to proceed. First, in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court permitted a limited "cause of action under the Fourth Amendment against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert v. Boule*, 596 U.S. 482, 490 (2022). Second, in *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court permitted a case to proceed for a sex-discrimination claim against a Congressman under the Fifth Amendment. Third, in *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court permitted a claim to proceed for inadequate medical care against federal jailers under the Eighth Amendment when they watched a prisoner go into a life-threatening asthma attack, gave him medication and treatment that made the attack worse, and then failed to transfer him to a hospital, resulting in his death. Since 1980, however, the Supreme Court has "consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernández v. Mesa*, 589 U.S. 93, 102 (2020) (collecting cases); *see Egbert*, 596 U.S. at 486 ("Over the past 42 years . . . we have declined 11 times to imply a similar cause of action for other alleged constitutional violations.").

The Supreme Court now has recognized that *Bivens*, *Davis*, and *Carlson* were the aberrant byproducts of an "*ancien regime*." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017); *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 75 (2001) (Scalia, J., concurring) ("*Bivens* is a relic of the heady days in which this Court assumed common-law powers to create causes of action—decreeing them to be 'implied' by the mere existence of a statutory or constitutional prohibition."). The Court has "gone so far as to observe that if the Court's three *Bivens* cases [had] been . . . decided today, it is doubtful that [it] would have reached the same result." *Hernández*, 589 U.S. at 101 (internal quotation marks omitted) (first alteration in original). And the Court has deemed any expansion beyond these three *Bivens*

cases to be "a 'disfavored' judicial activity." *Id.* That is because "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert*, 596 U.S. at 486.

### 2. The Supreme Court's Two-Step Inquiry.

When analyzing whether to extend a *Bivens* remedy, courts undertake a two-step inquiry. First, the court asks whether the particular claim "arises in a 'new context'" as compared to *Bivens*, *Davis*, and *Carlson*. *See Hernández*, 589 U.S. at 102. A context is "new" if it is "different in a meaningful way" from the Supreme Court's three *Bivens* cases. *Id.* This "new-context inquiry is easily satisfied," for even "small" differences are meaningful. *Abbasi*, 582 U.S. at 149; *see Hernández*, 589 U.S. at 102 ("[O]ur understanding of a 'new context' is broad."). Meaningful differences may include "the constitutional right at issue"; the "extent of judicial guidance as to how an officer should respond to the problem"; the "statutory or other legal mandate under which the officer was operating"; the "risk of disruptive intrusion by the Judiciary into the functioning of other branches"; or the presence of any other "potential special factors that previous *Bivens* cases did not consider." *Abbasi*, 582 U.S. at 140.

"When one or more meaningful differences exist, it is not enough to identify a few similarities." *Ahmed v. Weyker*, 984 F.3d 564, 570 (8th Cir. 2020) ("If the test sounds strict, it is."). Indeed, it is not enough for a court to rely on *Bivens*, *Davis*, or *Carlson* themselves to recognize a claim—even if they are factually on point with the present case—because those cases did not apply a modern understanding of the Judiciary's role or the factors to be considered. *See Egbert*, 596 U.S. at 495 (rejecting reliance on *Bivens* despite "present[ing] 'almost parallel circumstances'" because it did not apply a modern special factors inquiry); *id.* at 500 (rejecting reliance on *Davis* "because it predates our current approach to implied causes of action"); *Monroe v. Kirby*, 2022 WL 16959393, at *3 (C.D. Cal. Oct. 11, 2022) (declining to extend *Bivens* remedy to a case claiming excessive force used by a Veterans Administration police officer).

If a claim arises in a new context, the court then asks whether there are "special

7

factors" that counsel "hesitation" about granting the extension. *Hernández*, 589 U.S. at 102. Again, the Supreme Court has "not attempted to create an exhaustive list," but "central to this analysis are separation-of-powers principles"—*e.g.*, "the risk of interfering with the authority of the other branches," and whether "there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy." *Id.* (internal quotation marks, brackets, and citations omitted).

In practice, this traditional two-part test "resolve to a single question, whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492. "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id., quoting Hernández*, 589 U.S. at 102; *see Arar v. Ashcroft*, 585 F.3d 559, 574 (2d Cir. 2009) ("'Hesitation' is 'counseled' whenever thoughtful discretion would pause even to consider."). This "does not take much," for Congress "is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Farah v. Weyker*, 926 F.3d 492, 500 (8th Cir. 2019), *quoting Abbasi*, 582 U.S. at 136; *Loe v. United States*, 2021 WL 6618803, at *6 (C.D. Cal. Dec. 7, 2021) ("The threshold for whether a factor 'counsels hesitation' is 'remarkably low.'"), *quoting Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020); *accord Arar*, 585 F.3d at 574. As the Ninth Circuit has recently explained, "[e]ssentially then, future extensions of *Bivens* are dead on arrival." *Harper v. Nedd*, 2023 WL 4169610, at *5 (9th Cir. June 26, 2023).

3.     <u>Plaintiff Seeks to Extend *Bivens* to a New Context.</u>

Here, none of Plaintiff's claims against Defendant Clemmer (Causes of Action Nos. 1-2, Claim for Relief at 16, *et seq.*) can survive. The Supreme Court has never extended a *Bivens* remedy to allegations that a prison employee failed to take corrective action under the PREA or for the failure to train or supervise other employees. *See generally Chambers v. Herrera*, 78 F.4th 1100, 1106 (9th Cir. 2023) ("No case has extended Bivens to claims that BOP employees violated the Eighth Amendment by failing to protect an inmate from other staff members. . . . We similarly conclude that Congress is better suited than the

Judiciary to construct a damages remedy."); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As the Supreme Court has explained on repeated occasions, even "small" differences are meaningful, and the "new-context inquiry" is "easily satisfied." *Abbasi*, 582 U.S. at 149; *see Hernández*, 589 U.S. at 102. Here, the factual differences between Plaintiff's allegations and *Bivens*, *Passman*, and *Carlson* present a "new context".

4.   Special Factors Counsel Against Implying a *Bivens* Remedy.

Since Plaintiff's *Bivens* claims arise in new contexts, the Court must consider whether any "special factors" counsel "hesitation" in extending a *Bivens* remedy. *Hernández*, 589 U.S. at 102. In *Egbert*, the Supreme Court explained that "[s]o long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy." *Egbert*, 596 U.S. at 498 (citations and internal quotations omitted); *see also Hoffman v. Preston*, 2022 WL 6685254, at *1 (9th Cir. Oct. 11, 2022) (quoting *Egbert*, 596 U.S. at 498). In the context of prisoner rights allegations, "the Supreme Court has long since described the BOP Administrative Remedy Program as an adequate remedy[,]" (*Silva*, 45 F.4th at 1141, *citing Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)).[4]

In addition, aside from the BOP's administrative remedy process, other avenues available to address the wrongs alleged exist. In *Egbert*, the Court found that because the U.S. Border Patrol was statutorily charged with supervising its employees and regulated to investigate any violations by employees of the agency's "standards for enforcement

---

[4] These deterrent remedies are in addition to the professional risk to individual BOP employees inherent in the possibility of internal investigations through the BOP's Office of Internal Affairs, in addition to criminal penalties.

activities," *Bivens* relief was foreclosed. *See Egbert*, 596 U.S. at 497. So too here, the BOP is statutorily "charge[d] [with] the management and regulation of all Federal penal and correctional institutions," 18 U.S.C. § 4042(a)(1), and must "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States," *id.* § 4042(a)(2). BOP officials are required to "report to the Department of Justice Office of the Inspector General," which is charged with the duty to investigate wrongdoing, any "allegation of criminal or serious administrative misconduct on the part of a Department employee." 28 C.F.R. § 45.11.

Further, and as identified by Plaintiff in his FAC, the PREA provides another mechanism by which prisoners like Plaintiff can address conduct similar to that alleged in the Complaint. *See* BOP Program Statement 5324.12. But importantly, violating the PREA does not afford prisoners open access to the federal courts. *See*, *e.g.*, *Bell v. Cnty. of Los Angeles*, 2008 WL 4375768, at *6 (C.D. Cal. Aug. 25, 2008) ("Plaintiff has no claim under the Prison Rape Elimination Act; the Act does not create a private right of action.").

Because alternative remedial structures exist, "that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Pettibone v. Russell*, 59 F.4th 449, 456 (9th Cir. 2023), *citing Egbert*, 596 U.S. at 493 and *Abbasi*, 582 U.S. at 137 (internal quotations omitted); *see also Mejia v. Miller*, 61 F.4th 663, 669 (9th Cir. 2023) ("Under *Egbert*, rarely if ever is the Judiciary equally suited as Congress to extend *Bivens* even modestly.").

Consistent with Supreme Court and Ninth Circuit jurisprudence, this Court should not extend a *Bivens* remedy to Plaintiff's new context here. *See*, *e.g.*, *Egbert*, 596 U.S. at 497 n.3 (noting that "[b]ecause recognizing a *Bivens* cause of action is an extraordinary act that places great stress on the separation of powers," courts have a "concomitant responsibility to evaluate any grounds that counsel against *Bivens* relief.") (citations and internal quotations omitted); *Brown v. Gilliam*, 2022 WL 19775026, at *3 (C.D. Cal. Dec. 6, 2022) ("Given the Supreme Court's recent guidance, recognizing a new *Bivens* cause of action is plainly disfavored, if not insurmountable.").

Moreover, even could Plaintiff's FAC be broadly construed to shoehorn Plaintiff's other allegations directed towards other defendants to Defendant Clemmer—whether for excessive force, retaliation, sexual assault, an erroneous sentence computation or custodial placement, or otherwise—the Supreme Court has never extended *Bivens* remedies against prison officials in any of those context before either.[5] And where the Supreme Court and the Ninth Circuit have examined similar issues since *Egbert*, it has found *Bivens* remedies unavailable. *See generally*, *Chambers*, 78 F.4th at 1107 (refusing to extend a *Bivens* remedy to a claim of excessive force brought against a prison official); *Mejia*, 61 F.4th at 669 (declining to extend a *Bivens* remedy to an excessive force claim involving the Bureau of Land Management while analyzing the reach of *Egbert*); *Egbert*, 596 U.S. at 499 ("[W]e hold that there is no Bivens action for First Amendment retaliation."); *see also Kalu v. Spaulding*, 113 F.4th 311, 336, 343-47 (3d Cir. 2024) (declining to extend a *Bivens* remedy to claims of sexual assault by a corrections officer against a prisoner or to claims of deliberate indifference by prison leadership to sexual assault); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding in a Section 1983 case concerning a state prisoner "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Hoffman v. Preston*, 2022 WL 6685254, *1 (9th Cir. Oct. 11, 2022) (noting, post-*Egbert* the limited reach of *Bivens* remedies).

---

[5] As noted in the United States Attorney's Office recent filing (ECF No. 37), the United States Attorney's Office does not represent any defendant other than Defendant Clemmer, and this motion is only brought on behalf of Defendant Clemmer. However, the case law concerning the limitations of a *Bivens* remedy to Defendant Clemmer remains equally applicable to any putative *Bivens* defendant sued in this or other cases, This Court may potentially determine, on its own initiative, to reexamine its prior screening order concerning the adequacy of the FAC as it relates to the other named defendants in light of the authority cited on behalf of Defendant Clemmer in this motion. However, because none of the other presently screened defendants have been served, nor have they appeared in this case, such a determination could not prejudice future arguments any other defendants or their future counsel for those defendants might assert were this Court to allow Plaintiff's FAC to continue to proceed against them.

**B.**    **Plaintiff Fails To State A Constitutional Claim Against Defendant Clemmer.**

To assert a cognizable *Bivens* action, Plaintiff must set forth facts which show that each named defendant personally engaged in conduct which violated his Constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976); *Pellegrino v. United States*, 73 F.3d 934, 936 (9th Cir. 1996) (*Bivens* liability is premised on proof of direct personal responsibility). Vague and conclusory allegations of participation in civil rights violations are insufficient. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's First Claim asserts (albeit in a conclusory fashion) violations of the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. While Plaintiff's Claim Two does not specify what Constitutional amendments are at issue, based on the similarities between Claim One and Two, it appears Plaintiff may have intended the same Constitutional provisions to apply to both Claims. It is not clear which of these Constitutional violations he intended to apply to Defendant Clemmer. Regardless, however, Plaintiff fails to state a claim under any provision because he fails to plead any facts concerning how Defendant Clemmer, specifically, violated his First, Fifth, Eighth and Fourteenth Amendment rights—even assuming such claims were cognizable under *Egbert* and other controlling caselaw. *See*, *e.g.*, *Egbert*. 596 U.S. at 499 ("[W]e hold that there is no *Bivens* action for First Amendment retaliation."); *Wilkinson v. Austin*, 545 U.S. 209, 221–222 (2005) (inmates have no liberty interest in avoiding transfer even to more adverse conditions of confinement)[6]; *Schwarz v. Meinberg*, 761 Fed. Appx. 732, 733-34 (9th Cir. 2019) (acknowledging no *Bivens* remedy available for First or Fifth Amendment access to court and due process concerns for prisoners, respectively); *Vega v. United States*, 881 F.3d 1146, 1148 (9th Cir. 2018) (same); *Chambers*, 78 F.4th at 1107 (declining

---

[6] While Plaintiff does not appear to accuse Defendant Clemmer of causing his transfer from Lompoc to Victorville, even if he had, such claims could not state a claim as noted above. *See Wilkinson*, 545 U.S. at 221–222.

to extend *Bivens* remedy to Eighth Amendment excessive force claims)[7]; *Albert v. Gonzalez*, 2023 WL 8895708, at *2 (C.D. Cal. Oct. 6, 2023) (citation omitted) ("The Fourteenth Amendment is not a proper vehicle for the relief Plaintiff seeks because it 'applies to actions by a State,' not the federal government.")

**C.    Even If *Bivens* Could Provide A Basis For A Suit Like Plaintiff's To Proceed, and Even Had Plaintiff Pled Facts That Could Constitute Potential Constitutional Violations, Dismissal Is Still Warranted Here For Plaintiff's Failure To Comply With Federal Pleading Requirements.**

Notwithstanding whether the Court could otherwise allow Plaintiff's FAC to proceed, Defendant Clemmer still should not be required to answer Plaintiff's allegations because the FAC fails to comply with federal pleading requirements. See Fed. R. Civ. P. 8(a). Plaintiff's allegations are so vague and conclusory that they deny Defendant Clemmer fair notice regarding the nature of the claims alleged. *See, e.g., Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."); *see also Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). The FAC includes unorganized and repeating allegations against several federal prison officials operating at different facilities—broken up by what appears to be letters to a legal representative discussing often unrelated general grievances concerning Plaintiff's time in federal custody. What allegations are discernible in the FAC often appear to group several defendants together in conclusory terms—making it challenging to tell which allegations specifically concern Defendant Clemmer as opposed to other defendants. Accordingly, for this additional reason, Plaintiff's lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[7] While Plaintiff brings physical assault allegations against Officer Ochoa related to the strip search incident, he does not level these allegations against Defendant Clemmer. In any event, and as noted above, the Ninth Circuit has rejected extending a *Bivens* remedy to Eighth Amendment claims of excessive force. *Chambers*, 78 F.4th at 1107.

**D.    Defendant Clemmer Is Separately Entitled To Qualified Immunity.**

Qualified immunity shields officials from liability so long as their conduct does not violate a clearly established right. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). It "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The purpose of the doctrine is to "shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Even if the plaintiff can show facts making out a constitutional violation—Plaintiff here cannot—a government official is not liable unless the constitutional right in question was clearly established such that every reasonable person in the official's position would have known his conduct was unlawful in the situation he confronted. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). When a defendant raises the defense of qualified immunity, the plaintiff bears the burden to demonstrate that each defendant violated a specific constitutional right, and that the specific right was clearly established. *Robinson v. York*, 566 F.3d 817, 826 (9th Cir. 2009). If the plaintiff cannot meet either prong of the qualified immunity test, then the government defendant is entitled to qualified immunity. *Ashcroft v. al-Kidd*, 563 U.S. at 741.

The Supreme Court "repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). And "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526; *see also Emmons v. City of Escondido*, 921 F.3d 1172, 1174 (9th Cir. 2019) ("A plaintiff 'bears the burden of showing that the right at issue was clearly established.'").

An official violates a clearly established right only if "existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). And it is a "longstanding principle" of qualified immunity that "'clearly established law' should not be defined 'at a high level of generality,'" but rather "must be 'particularized' to the

14

facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017). Courts thus must grant immunity unless the plaintiff can "identify a case where an officer acting under similar circumstances . . . was held to have violated" the applicable constitutional amendment. *Id.*; *see Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (explaining that a plaintiff "must point to prior case law that articulates a constitutional rule specific enough to alert *these* [officers] *in this case* that *their particular conduct* was unlawful").

Plaintiff fails to identify any case clearly establishing that the specific, factual allegations in the Complaint against Defendant Clemmer give rise to a claim. And even if Plaintiff had, Defendant Clemmer would still be entitled to qualified immunity because any mistake of fact she made concerning the appropriate remedial steps under the PREA to address the specific concerns purportedly raised by Plaintiff, or any related training or supervision requirements, were reasonable under the circumstances. *See Pearson*, 555 U.S. at 231 (qualified immunity protects mistake of fact and mistake of law alike). Accordingly, Plaintiff's claims are barred by the doctrine of qualified immunity.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Clemmer respectfully requests that the Court dismiss Plaintiff's claims against her in Plaintiff's First Amended Complaint with prejudice.

Dated: December 19, 2024         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


_____ /s/ *John C. Korevec* _____
JOHN C. KOREVEC
Assistant United States Attorney

Attorneys for Defendant Clemmer


## L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Defendant United States of America certifies that this brief contains 5262 words, which complies with the word limit of L.R. 11-6.1.


Dated: December 19, 2024         _____ /s/ *John C. Korevec* _____
                                 JOHN C. KOREVEC

16