UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01944-MRA (SK) | Date | December 20, 2024 |
|---|---|---|---|
| Title | Glafiro Gonzalez v. Federal Bureau of Prison, et al. | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **CASE MANAGEMENT ORDER**

In March 2024, plaintiff filed a complaint against two named and many more unnamed BOP officers, claiming he was subjected to an improper strip search. (ECF 1). The Court construed the complaint as a *Bivens* action and ordered the complaint served on the named defendants Ochoa and Clemmer in their individual capacities. (ECF 8). Defendant Clemmer waived service of process and appeared in the case, but defendant Ochoa could not be served because he evidently no longer works for the BOP. (ECF 18–20). Plaintiff then filed a First Amended Complaint (FAC) identifying the names of the unnamed defendants described in the original complaint, adding claims of retaliation, and including more facts to support his allegations. (ECF 22). The Court screened the FAC liberally given plaintiff's pro se prisoner status and found it suitable for service on newly named defendants Warden J. Doerer, FCI Victorville II; Assistant Warden Mrs. McDowell, USP Lompoc; Unit Team Counselor J. Garcia, USP Lompoc; Lt. (SIS) Rojo, USP Lompoc; Lt. Galindo, USP Lompoc; and SIS Investigator Lt. Candellaro, USP Lompoc, in their individual capacities.[1] (ECF 30 at 1–2).

Meanwhile, plaintiff filed three motions requesting appointment of counsel, assistance from the government to locate defendant Ochoa, and more time to serve the FAC on defendant Ochoa. (ECF 31, 33, 35). Plaintiff asserts that he cannot obtain defendant Ochoa's location information without help from appointed counsel or the government because he is incarcerated and acting pro se. (*Id.*). At the same time, defendant Clemmer has now moved to dismiss the FAC, arguing that plaintiff's "claims are not actionable because they extend *Bivens*

---

[1] Before ordering the U.S. Marshal to serve the FAC on newly named defendants, however, the Court asked the United States Attorney's Office (USAO) to state whether the USAO would assign provisional counsel of record to accept or waive service of the FAC on their behalf. (ECF 30 at 2). In response to the Court's order, the USAO stated that it is not authorized to accept or waive service of the FAC on behalf of the newly named defendants. (ECF 37 at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01944-MRA (SK) | Date | December 20, 2024 |
|---|---|---|---|
| Title | Glafiro Gonzalez v. Federal Bureau of Prison, et al. | | |

to a 'new context,' and there are 'rational reasons' to believe Congress is better suited to authorize a new damages remedy."  (ECF 39 at 8).  While the motion is nominally brought on behalf of defendant Clemmer only, it adds that "the Supreme Court has never extended *Bivens* remedies against prison officials in any of" the contexts of plaintiff's allegations directed towards other unserved defendants, either.  (*Id.* at 18).

THEREFORE, to promote the just, speedy, and inexpensive determination of this action, plaintiff is ordered to file his Opposition to the Motion to Dismiss no later than **January 20, 2025**.  Defendant's Reply must be filed within 14 calendar days after service of the Opposition.  The Court will deem the motion submitted for decision based on the papers and without oral argument, unless otherwise ordered.  Plaintiff is warned that failure to file a timely opposition to the motion may be deemed consent to dismissal under Local Rule 7-12 or lead to involuntary dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b).  In the meantime, the Court STAYS plaintiff's motions requesting appointment of counsel, assistance from the government, and more time to serve the FAC upon defendant Ochoa (ECF 31, 33, 35), as well as the Court's order directing the U.S. Marshal's Service to serve the FAC on the newly named defendants, until after a decision on the case-dispositive motion to dismiss the FAC for lack of a *Bivens* remedy.[2]

IT IS SO ORDERED.

---

[2] At the same time, however, the USAO is ordered to serve a copy of this order on the Attorney Advisor's Office for the BOP within 7 days to alert them that if the motion to dismiss is denied (in whole or in part), they will be contacted by the U.S. Marshal's Office to determine if the newly named BOP officials will waive service of process, and, if not, that they may be directed to provide (ex parte and under seal if needed) the last known addresses for service on any former BOP officers named in the FAC.  *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (so long as prisoner provides "information necessary to identify the defendant," he "should not be penalized by having his . . . action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."); *Penton v. Pool*, 724 Fed. App'x 546, 550-51 (9th Cir. 2018) (district court erred in placing onus on incarcerated plaintiff proceeding in forma pauperis to provide documentation to locate a defendant beyond identifying defendant to United States Marshal who has "obligation to search for a viable address where" defendant can be served); *Peterson v. United States*, 2018 WL 7505633, at *2 (C.D. Cal. Dec. 28, 2018) (applying *Penton* by ordering AUSA to contact federal prison to determine defendant's last known forwarding address and to provide that address to United States Marshal in confidential memorandum).