UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:24-cv-01944-MRA (SK) | Date: December 20, 2024 |
| Title   Glafiro Gonzalez v. Federal Bureau of Prison, et al. | |

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **NOTICE TO PLAINTIFF RE MOTION TO DISMISS PROTOCOL**

Defendant Clemmer in the above-referenced pro se civil rights action filed a Motion to Dismiss.  By this Motion, the Defendant Clemmer seeks to have your case dismissed.  If granted against all of your claims, a motion to dismiss may end your case.

Generally, a motion to dismiss will be granted when the complaint fails to state a claim upon which relief can be granted.  Motions to dismiss can be granted against all of your claims—which would dismiss the entire complaint—or in part—where the court dismisses some claims and/or defendants but leaves other claims and/or defendants intact.  Normally, a motion to dismiss must describe why the complaint is deficient and cannot be based on documents or information beyond those in the pleadings.  Your opposition also cannot rely on documents or information beyond those in the pleading.

When a motion to dismiss alleges that you failed to exhaust your administrative remedies prior to filing suit in violation of the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, however, the court may consider documents and information beyond those in the pleadings.  *Stratton v. Buck*, 697 F.3d 1004, 1007-08 (9th Cir. 2012).  Thus, in opposition to a motion to dismiss for failure to exhaust administrative remedies, a plaintiff has a right to file counter-affidavits or other responsive evidentiary materials.  *Id.*  Generally, a motion to dismiss for failure to exhaust administrative remedies must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect whether you exhausted your administrative remedies—and the defendant is entitled to judgment as a matter of law.  *Id.*; *see also Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998).  When a party you are suing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-01944-MRA (SK)                                             Date: December 20, 2024

Title          Glafiro Gonzalez v. Federal Bureau of Prison, et al.


makes a motion to dismiss for failure to exhaust administrative remedies that is properly supported by declarations (or other sworn testimony) not contained in the pleadings, you cannot simply rely on what your complaint says.  *Rand*, 154 F.3d at 963.  Instead, you must set out specific facts in declarations, affidavits, or other responsive evidentiary materials that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  *Id*.  If you do not submit your own evidence in opposition, the court may dismiss some or all of the claims and/or defendants.  *Id*.  If the court dismisses all of your claims, your case will be dismissed and there will be no trial.